# In the United States Court of Federal Claims

Nos. 17-1189L, 17-1191L, 17-1194L, 17-1195L, 17-1206L, 17-1215L, 17-1216L
17-1232L, 17-1235L, 17-1277L, 17-1303L
Filed: September 22, 2017

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Y AND J PROPERTIES, LTD., *individually and on behalf of all other persons similarly situated*, <br> Plaintiffs, | * <br> * <br> * <br> * <br> * |
| BRYANT BANES, NEVA BANES, CARLTON JONES, AND NB RESEARCH, INC., *on behalf of themselves and others similarly situated*, <br> Plaintiffs, | * <br> * <br> * <br> * <br> * <br> * |
| MATTHEW SALO AND GABRIELA SALO, *on behalf of themselves and all other similarly situated persons and entities*, <br> Plaintiffs, | * <br> * <br> * <br> * |
| ANGELA BOUZERAND, WAYNE PESEK, AMY PESEK, AND FRED PAUL FRENGER, *individually and on behalf of all other similarly situated*, <br> Plaintiffs, | * <br> * <br> * <br> * <br> * <br> * |
| VAL ANTHONY ALDRED, HAGAN HAMILTON HEILIGBRODT, WILLIAM LANGE KRELL, JR., BEVERLY FECEL KRELL, AND SHAWN S. WELLING, *appearing individually and on behalf of all persons similarly situated,* <br> Plaintiffs, | * <br> * <br> * <br> * <br> * <br> * <br> * |
| KENNETH LEE SMITH AND CONSTANCE SMITH, <br> Plaintiffs, | * <br> * <br> * <br> * |
| GARNER TIP STRICKLAND, IV AND MEGAN K. STRICKLAND, <br> Plaintiffs, | * <br> * <br> * <br> * <br> * <br> * |

BONNIE CLARK GOMEZ AND     \*
JORGE L. GOMEZ,     \*
      Plaintiffs,     \*
    \*
VIRGINIA MILTON AND ARNOLD     \*
MILTON, *on behalf of themselves and all*     \*
*other similarly situated persons*,     \*
      Plaintiffs,     \*
    \*
CHRISTINA MICU, *and all others*     \*
*similarly situated,*     \*
      Plaintiffs,     \*
    \*
ANTHONY ARRIAGA, *et al.*,     \*
      Plaintiffs,     \*
    \*
v.     \*
    \*
THE UNITED STATES,     \*
      Defendant.     \*
    \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Michael D. Sydow**, The Sydow Firm, Houston, Texas, Counsel for Plaintiff.

**Bryant Steven Banes**, Neel, Hooper & Banes, PC, Houston, Texas, Counsel for Plaintiffs.

**Jay Edelson**, Edelson PC, Chicago, Illinois, Counsel for Plaintiffs.

**Thomas M. Fulkerson**, Fulkerson Lotz LLP, Houston, Texas, Counsel for Plaintiffs.

**Douglas Robert Salisbury**, Potts Law Firm, LLP, Houston, Texas, Counsel for Plaintiffs.

**Christopher Stephen Johns**, Johns, Marrs, Ellis & Hodge LLP, Austin, Texas and Houston, Texas, Counsel for Plaintiffs.

**Eric Reed Nowak**, Harrell & Nowak, New Orleans, Louisiana, Counsel for Plaintiffs.

**Rand P. Nolen**, Fleming, Nolen & Jez, L.L.P., Houston, Texas, Counsel for Plaintiffs.

**Charles W. Irvine**, Irvine & Conner, LLC, Houston, Texas, Counsel for Plaintiffs.

**Timothy Micah Dortch**, Cooper & Scully, PC, Dallas, Texas, Counsel for Plaintiffs.

**David Harrington**, United States Department of Justice, Environmental and Natural Resources Division, Washington, D.C., Counsel for the Government.

## ORDER

Pursuant to the court's September 15, 2017 Order, the court will convene a status conference on Friday, October 6, 2017 at 10:00 AM (CST) in Courtroom 11-B in the United States District Court for the Southern District of Texas, 515 Rusk Street, Houston, Texas 77002.

In preparation for the October 6, 2017 status conference, counsel may want to review the attached Orders issued by the United States District Court for the Eastern District of New York and the United States District Court for the District of New Jersey in cases related to Hurricane Sandy.[1]  Although those cases did not concern a Fifth Amendment Takings Clause claim, some of the procedures adopted therein may be of interest.  Counsel should be aware that, unlike the district courts, the United States Court of Federal Claims does not have magistrate judges.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Chief Judge**

---

[1] For a more complete list of Orders filed in these cases, see *In Re Hurricane Sandy Cases 14mc41*, UNITED STATES DISTRICT COURT – EASTERN DISTRICT OF NEW YORK, https://www.nyed.uscourts.gov/re-hurricane-sandy-cases-14mc41, and *Hurricane Sandy Cases*, UNITED STATES DISTRICT COURT – DISTRICT OF NEW JERSEY, http://www.njd.uscourts.gov/hurricane-sandy-cases.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE HURRICANE SANDY CASES

------------------------------------------------------------X

THIS DOCUMENT APPLIES TO:

**ALL RELATED CASES**

------------------------------------------------------------X

**ORDER**

14 MC 41

## CASE MANAGEMENT ORDER NO. 1

### INTRODUCTION

On October 29, 2012, the weather event officially designated as Hurricane Sandy made landfall in southern New Jersey, causing severe damage to several states along the East Coast from Florida to Maine.[1] The storm surge struck New York City, causing property damage in excess of $50 billion, leaving many people homeless and without power.

Currently, more than 800 actions have been filed by property owners in the United States District Court for the Eastern District of New York against various insurers and more cases are expected. The Board of Judges has appointed a committee, consisting of three magistrate judges (the "Committee"), to recommend procedures to ensure proper case filing and relation practices, to establish a plan for expedited discovery, and to facilitate the efficient resolution of these matters in a manner designed to avoid duplication of effort and unnecessary expense. Nothing in this Case Management Order is intended to slow the resolution of any case. Individual cases that are at an advanced stage should not be delayed needlessly as a result of this Order, and counsel are encouraged to employ their own resources in attempting to resolve these cases.

In an effort to explore possible ways in which these matters may be managed more

---

[1] *Hurricane Sandy One Year Later,* FEMA, http://www.fema.gov/hurricane-sandy.

1

effectively, the Committee requested certain basic data about the pending cases from plaintiffs' counsel and obtained written submissions from both plaintiffs' and defendants' counsel setting forth their positions on the best ways to organize and streamline case management. On February 5, 2014, the Committee met with counsel representing all parties to these cases to solicit input and suggestions.

In entering this Case Management Order, the Committee is cognizant of the various interests that need to be balanced here. On the one hand, the Court must ensure that victims of the storm, many of whom were rendered homeless for a time and who may be left without the necessary records or access to qualified contractors to effect repairs, receive an expeditious review of their claims, while at the same time, safeguarding insurers from meritless or inflated claims. As the letters filed by counsel demonstrate, however, there is no universal approach that will facilitate a speedy and fair resolution to these cases. The Court has taken certain steps to ease the burden and expense upon the litigants and the Court. For example, the Court entered consolidated *pro hac vice* orders eliminating the need for out-of-district counsel to file such motions for every case. In addition, with the approval of the Board of Judges, the Court enters the following Order:

I.    Appointment of Liaison Counsel

In order to conduct future case management activities more efficiently, the Committee hereby designates Liaison Counsel to assist the Court in coordinating the efforts of all parties.

A. Plaintiffs' Liaison Counsel - The Committee has designated Tracey Rannals Bryan of Gauthier Houghtaling & Williams, and Javier Delgado of Merlin Law Group as Plaintiffs' Liaison Counsel. Plaintiffs' Liaison Counsel shall forward to all plaintiffs' counsel any communication that is designated by the Court as non-case specific.

B. Defendants' Liaison Counsel - The Committee has designated Gerald J. Nielsen of

2

Nielsen, Carter & Treas, LLC, and Jared T. Greisman of White Fleischner & Fino, LLP as Defendants' Liaison Counsel. Defendants' Liaison Counsel shall forward to all defendants' counsel any communication that is designated by the Court as non-case specific.

II.    Misjoinder of Plaintiffs

As an initial matter, the Committee's review of the cases that have been filed to date has revealed that there remain a number of "mass joinder" cases, where plaintiffs joined large groups of property holders in one complaint,[2] with the only common factor being that the property owners held insurance policies with the same insurance company. The Committee has identified a number of these misjoined cases that are listed in Exhibit A attached hereto. Several district judges, *sua sponte,* dismissed similar complaints without prejudice to refiling, based upon their determination that the plaintiffs were impermissibly joined. See, e.g., Funk v. Allstate Ins. Co., No. 13 CV 5933 (JS) (GRB) (E.D.N.Y. Dec. 13, 2013); Dante v. National Flood Ins. Program, No. 13 CV 6297 (NG) (RER) (E.D.N.Y. Nov. 21, 2013).

Accordingly, IT IS HEREBY ORDERED that within 14 days of the date of this Order, counsel shall dismiss all plaintiffs except the first named plaintiff in each misjoined action listed in Exhibit A hereto, without prejudice to refiling in accordance with this Order's Case Relation Rule set forth below.

IT IS FURTHER ORDERED that within 14 days of this Order, the parties shall provide the

---

[2]In its submission to the Committee, plaintiffs' counsel suggested that not only would it be "convenient and efficient" to proceed by joining the plaintiffs in this manner, but that "it would also result in a considerable savings to the parties in terms of filing fees." No. 14-MC-41, Entry 65. This Court has previously ruled that plaintiffs cannot avoid paying statutorily-mandated filing fees through improper mass joinder. See In re BitTorrent Adult Film Copyright Infringement Cases, Nos. 11 CV 3995, 12 CV 1147, 12 CV 1150, 12 CV 1154, 2012 WL 1570765, at *12-13 (E.D.N.Y. July 24, 2012), *report and recommendation adopted sub nom.* Patrick Collins, Inc. v. Doe 1, 288 F.R.D. 233 (E.D.N.Y. 2012).

Committee with a list of any additional cases (not listed in Exhibit A) in which plaintiffs continue to be joined improperly solely because they share a common defendant, and dismiss all but the first named plaintiff in those cases in accordance with this Order.

III. Relation and Consolidation of Cases

In soliciting filings from counsel, the Committee directed counsel to "file a letter in accordance with Local Rule 50.3.1(d) (the "Case Relation Rule"), explaining how counsel proposes to group the cases." To date, no attorney has proposed a comprehensive plan for relating the cases and several have specifically opposed relation or consolidation of any cases. Notwithstanding these positions, the Committee has determined that, based on the information available, one subgroup of cases will benefit from relation to a single judicial officer.

A. Cases Relating to the Same Property

In a number of instances, multiple cases have been filed relating to the same property, most often where the property is insured under separate policies, such as wind and flood damage policies ("Common Property Cases"). The Committee has compiled a preliminary list of Common Property Cases, attached as Exhibit B to this Order.

Although some counsel have opposed relation or consolidation of the Common Property Cases, the Committee, after careful consideration, has determined that there would be a significant savings of judicial resources if multiple cases relating to the same property were assigned to the same district judge and magistrate judge under the Case Relation Rule. Damages to a particular structure, edifice or property may involve common questions of fact which potentially could be resolved by joint inspections and experts. Relating the cases that deal with a single property to the same judges may also eliminate the risk of inconsistent determinations.

The Committee makes no recommendation with regard to the question of whether any of

4

the Common Property Cases should be otherwise consolidated for purposes of discovery and/or trial. That decision will be left to the assigned judges.

Accordingly, IT IS HEREBY ORDERED that within 14 days of the date of this Order, all cases relating to the same property, listed in Exhibit B hereto, shall be deemed related under the Case Relation Rule, and assigned to the district judge and magistrate judge currently assigned the lowest docket number.[3]

IT IS FURTHER ORDERED that within 14 days of this Order, the parties shall provide the Committee with a list of any other Common Property Cases (not listed in Exhibit B) that should be related in accordance with this Order.

B.    Cases Subject to Certain Common Defenses

Counsel for defendants have identified several state law claims common to many of plaintiffs' cases, which defendants contend should be dismissed, including, *inter alia*, state law claims alleging bad faith or negligent claims handling, certain forms of relief, such as punitive damages, treble damages, and/or attorneys' fees, and requests for jury trial. A number of district judges have already dismissed such claims, finding that the allegations are not viable under New York law. See, e.g., Funk v. Allstate Ins. Co., No. 13 CV 5933 (JS) (GRB) (E.D.N.Y. Dec. 13, 2013); Dufficy v. Nationwide Mut. Fire Ins. Co., No. 13 CV 6010 (SJF) (AKT) (E.D.N.Y. Dec. 2, 2013).

Rather than require each judge to resolve motions to dismiss such claims, plaintiffs are ORDERED within 14 days of the Order to voluntarily withdraw such claims, or if not, submit a letter to the assigned judge, explaining the legal basis for continuing to pursue such claims in any

---

[3]Counsel should ensure that when relating cases, the cases are filed in the proper courthouse in accordance with the Eastern District Division of Business Rule, Local Rule 50.1(d).

particular action.

IV.    Uniform Automatic Discovery Practices in Sandy Cases

The parties generally agree that a uniform, automatic discovery procedure should be adopted to speed resolution of these matters while also reducing costs for the parties and the burdens on the Court. Counsel advise that, in FEMA cases, insurers are compensated based upon the total payout such that as long as damages are properly documented, carriers have an incentive to pay. Accordingly, rather than waiting for the Court to schedule a Rule 16 conference, the parties are directed to disclose certain information in an expedited manner so that the parties can evaluate their respective cases. The following discovery schedule shall control the first phase of discovery in Hurricane Sandy cases in lieu of the initial disclosures required by Federal Rule of Civil Procedure 26 to avert the need for a Rule 16 conference in these cases and, in the absence of a showing to the contrary, the need to serve document requests and interrogatories.

A.    Automatic Disclosures by Plaintiffs

1.    Within 60 days of the date of this Order (or in the case of subsequently filed cases, within 60 days of the filing of the Answer) unless such information has already been provided or appears on the face of the complaint, plaintiffs in all Hurricane Sandy cases shall provide the following information to defendants' counsel:

a.    the complete name of each insurer and all policy numbers for each policy of insurance held by, or potentially benefitting each plaintiff and/or property on the date of the loss (including without limitation wind, flood, fire or a combination thereof), and all claims numbers for any claims made for losses relating to Hurricane Sandy;

6

b.    the address of each property for which a loss is claimed;

c.    the current address of each plaintiff property owner;

d.    an itemized statement of claimed damages for each property, including contents; if the contents claim is no longer in dispute, a statement to this effect must be made;

e.    a statement as to whether there have been any amounts paid or offered to be paid under the policy, and if so, the difference claimed in this suit, including an itemization of those items for which plaintiff is making a claim of underpayment and any supporting documentation;

f.    if no payments have been made or offered, a statement of the reasons provided by defendant;

g.    whether there have been any prior attempts at arbitration or mediation; and

h.    identify any other Hurricane Sandy related lawsuits filed or contemplated for that particular property or plaintiff.

2.    Within 60 days of this Order (or in the case of subsequently filed cases, within 60 days of the filing of the Answer), plaintiffs shall produce to defendants' counsel the following documents:

a.    all documents supporting or evidencing the claimed loss, including loss estimates from other insurers, any adjuster's reports, engineering reports, contractor's reports or estimates; photographs, claim log notes, documents relating to repair work performed after Hurricane Sandy, including contracts, bids, estimates, invoices or work tickets

for completed work;

b.   all documents reflecting any payments received to date from any insurer, FEMA, or from any other governmental program federal, state or local;

c.   with respect to flood damage claims, all documents relied upon by plaintiff as satisfying Proof of Loss requirements and documentation required by SFIP 44 C.F.R.  Pt. 61, App.A(1), Art. VII(J)(3),(4);

d.   any written communications exchanged between the insured or insurer relative to the claimed loss, including any proof of loss required by the applicable policy.

B.   <u>Automatic Disclosure by Defendants</u>

1.   Within 60 days of the date of this Order (or in the case of subsequently filed cases, within 60 days of the filing of the Answer), defendants in all Hurricane Sandy cases shall provide the following information to plaintiffs:

a.   if no payment on the policy has been made or offered, an explanation for the declination of coverage, including but not limited to:

i.   any policy exclusions that apply;

ii.   whether coverage is denied due to non-payment of premiums;

iii.   if there is a dispute as to the nature of the damage incurred and its coverage under the policy;

iv.   if there is a dispute as to the value of the claimed losses, and

v.   any other legal basis on which coverage has been denied.

b.   if payment on the policy has been made or offered, defendant's understanding of the nature of the dispute;

8

        c.      whether mediation or arbitration has been attempted in the case.

    2.      Within the same 60-day period, defendants are ORDERED to provide the following documents and information to plaintiffs' counsel:

        a.      all non-privileged documents contained in the claims file pertaining to the subject policy, including any letters of declination of coverage and notices of nonpayment of premiums;

        b.      any documentation relating to an assessment of the claimed loss, including all loss reports and damage assessments, adjuster's reports, engineering reports, contractor's reports, photographs taken of the damage or claimed losses, and any other evaluations of the claim;

        c.      the names and addresses of the adjusters for each claim;

        d.      all claim log notes;

        e.      records of payments made to the insured pursuant to the policy;

        f.      all expert reports and/or written communications that contain any description or analysis of the scope of loss or any defenses under the policy.

Nothing in this Order shall be construed to limit the information to be exchanged in any particular case. Counsel for each party is encouraged and expected to provide any information that would reasonably be helpful to their adversary in evaluating the case for mediation/arbitration purposes. Any information not exchanged during this period cannot be used in the mediation/arbitration process. The parties are strongly urged to meet and confer in good faith on the exchange of information.

## C. Privilege

A party shall produce a privilege log for those documents that it is not producing on the basis of privilege 14 days prior to the completion of the production described in Section IV above. The log should include the author of the document, the recipient of the document, the date of the document, and the nature of the privilege asserted.

Documents for which a privilege is properly asserted include communications between counsel and client, documents created in anticipation of litigation, communications between or among plaintiffs' counsel, and communications between or among non-insurer defendants' counsel, insurer defendants' counsel and their respective clients. Documents routinely prepared in the ordinary course of business, including but not limited to adjusters' reports and other expert analyses, including draft reports, are not privileged and should be produced.

## V. Alternative Dispute Resolution

Within 14 days of the completion of the expedited discovery procedure outlined above, the parties are Ordered to submit a Notice of Arbitration in accordance with Local Rule 83.7 in the form attached hereto as Exhibit C, or in the alternative, the parties may submit a stipulation in the form attached as Exhibit D, consenting to mediation. All arbitrations and mediations are to be concluded within three months of submission of the Notice of Arbitration or Consent to Mediation. Mediation may, at the discretion of the Court, be conducted by a magistrate judge rather than a mediator. Cases that are not resolved through arbitration, mediation, or voluntary settlement will be returned to the assigned district judge and magistrate judge for trial.

Within 14 days of the date of this Order, Defendants' Liaison Counsel is Ordered to confer with defendants' counsel and provide the Committee with a list of commonly occurring legal issues and defenses that defendants anticipate, from experience, may arise in a number of these cases,

along with relevant case law or other authority addressing these issues.

Within 7 days thereafter, Plaintiffs' Liaison Counsel is Ordered to confer with plaintiffs' counsel and provide the Committee with any contrary legal authority addressing the issues and defenses identified by Defendants' Liaison Counsel, and provide the Committee with any other issues that plaintiffs anticipate may arise in these cases.

While the ultimate determination of any such legal issue or defense may well be fact driven, and the outcome of any legal defense or issue will be determined by the individual judge assigned to each case, the Committee seeks this information in order to educate and fully prepare our mediators and arbitrators with the hope of expediting the settlement process. These submissions are intended to be summary in nature and may be made by letter; they are not intended to be full briefs on the issues.

**SO ORDERED**.

Dated: Brooklyn, New York
February 21, 2014

/S/   CHERYL L. POLLAK
Cheryl L. Pollak
United States Magistrate Judge


/S/   GARY R. BROWN
Gary R. Brown
United States Magistrate Judge


/S/   RAMON E. REYES, JR.
Ramon E. Reyes, Jr.
United States Magistrate Judge

11

## Exhibit A

List of Misjoined Cases by Docket Number[1]

Docket No.

13-5967 (DLI) (VMS)

13-5972 (PKC) (LB)

13-6008 (PKC) (RML)

13-6009 (CBA) (JMA)

13-6792 (ARR) (RER)

13-6873 (NGG) (JMA)

13-6876 (JS) (ARL)

13-7209 (ERK) (VVP)

13-5956 (BMC) (RML)

13-5962 (KAM) (RLM)

14-23 (JG) (VMS)

14-24 (ENV) (MDG)

13-6001 (ADS) (ARL)

13-6013 (JFB) (ARL)

13-6022 (JFB) (WDW)

13-6273 (LDW) (WDW)

13-5923 (ADS) (AKT)

14-110 (JS) (AKT)

---

[1]This list was compiled from the spread sheet provided by plaintiffs to the court as of January 31, 2014 and may not reflect certain reassignments that may have occurred since that date.

## Exhibit B

### List of Related Cases[1][*]

| Plaintiff | Property | Defendants | Docket Nos. |
|-----------|----------|------------|-------------|
| Israel | 10 Suffolk Walk | Allstate<br>Occidental Fire | 13-6686 (KAM, JO)<br>14-23 (JG, VMS) |
| Wade | 100 East Hudson | Nationwide<br>Hartford | 13-7000 (SJF, ARL)<br>N/A |
| Maiorana | 107 Cuba Ave. | Standard Fire<br>Occidental | 13-6926 (WFK, RER)<br>14-25 (DLI, CLP) |
| Halligan | 11 Graham Pl. | FEMA<br>Charter Oak | 13-6596 (FB, MDG)<br>13-6013 (JFB, ARL) |
| Thomson | 111 Hett Ave. | Narragansett<br>Standard Fire | 13-5968 (FB, VMS)<br>13-6934 (RRM, CLP) |
| Little | 115 Oceanside Ave. | Narragansett<br>FEMA | 13-5968 (FB, VMS)<br>13-6603 (PKC, RML) |
| Buckley | 12½ Neptune Walk | American Bankers<br>Narragansett | 13-6291 (JG, JMA)<br>13-5968 (FB, VMS) |
| Faulkener | 125 Bedford Ave. | Narragansett<br>Selective Ins. | 13-5968 (FB, VMS)<br>14-170 (JFB, AKT) |
| Mastey | 13008 Cronston Ave | Allstate<br>Narragansett | 13-6698 (FJ, RER)<br>13-5968 (FB, VMS) |

---

[1]This list was compiled from the spread sheet provided by plaintiffs to the court as of January 31, 2014 and may not reflect certain reassignments that may have occurred since that date.

[*]To the extent that docket numbers on this list, including but not limited to 13-5914, 13-5964, 13-5968, 13-6291, 13-6818, 13-5995, and 13-7073, had misjoined plaintiffs as of January 31, 2014, and thereafter plaintiffs on those dockets were terminated and refiled under new docket numbers, counsel should ascertain that the newly filed cases have been properly related to any other cases relating to the same property.

| | | | |
|---|---|---|---|
| Fugelsang | 14 Ocean Ave. | FEMA<br>Univ.No.Am. | 13-6373 (JG, VMS)<br>13-7209 (ERK, VVP) |
| Erber | 143-01 Rockaway Bch | FEMA<br>Occidental | 13-6592 (ILG, SMG)<br>13-6008 (PKC, RML) |
| Baldeo | 1431 Pearl St. | FEMA<br>Occidental | 13-6579 (ERK, CLP)<br>13-6008 (PKC, RML) |
| Sears | 156 Reid St | American Bankers<br>Narragansett | 13-6291(JG, JMA)<br>13-5968 (FB, VMS) |
| McDonnell | 157 Blackheath Rd | Narragansett<br>Standard Fire | 13-5968 (FB, VMS)<br>13-6891 (ADS, GRB) |
| Arnella | 16 Sutton Pl. | Farmington Cas.<br>Travelers | 14-190 (LDW, AKT)<br>N/A |
| Moran | 17 Deal Rd | FEMA<br>Liberty Mutual | 13-6587 (ADS, AKT)<br>13-7301 (NGG, JO) |
| Ryan | 172 Reid Ave.. | Foremost Mutual<br>FEMA | 13-5961 (DLI, RML)<br>13-6611 (JG, RLM) |
| Beaumont | 174 Coronodo St | Wright Nsl Flood<br>Ocean Harbor | N/A<br>13-7073 (SJF, AKT) |
| Gallagher | 175 Beach 128th St | Narragansett<br>Am. Bankers | 13-5968 (FB, VMS)<br>13-6291 (JG, JMA) |
| Ruggiero | 178 Beach 133rd St | Auto Ins. of Hartford<br>Liberty Mut. | 13-5962 (KAM,RLM)<br>13-7313(RRM,MDG) |
| Bennett | 18 Beach 221st St | Liberty Mut.<br>Liberty Mut. Fire | 13-6818 (KAM, CLP)<br>13-7302 (WFK,RML) |
| Connors | 180 Beach 123rd St | Ocean Harbor<br>Allstate | 13-7102 (DLI, JO)<br>13-6656 (FB, RML) |
| Downs | 19 Doris Lane | Liberty Mut. Fire<br>First Liberty | 13-5957 (CBA, CLP)<br>13-6792 (ARR, RER) |
| McGovern | 2Beach 219th St | Standard Fire<br>Occidental Fire | 13-7019 (NG, JO)<br>14-23 (JG, VMS) |

| | | | |
|---|---|---|---|
| Cloos | 203 Bayside Ave. | Wright<br>Universal N.Am. | N/A<br>13-7242 (WFK,RLM) |
| Hadef | 203 Beach 149th St. | Occidental Fire<br>Allstate | 14-24 (ENV, MDG)<br>N/A |
| Phillips | 208 E. 8th Rd | Liberty Mut.<br>Liberty Mut. | 13-7111 (LDW,GRB)<br>N/A |
| Wernick | 210 Sportsman Ave. | FEMA<br>Narragansett | 13-6590 (JFB, WDW)<br>13-5968 (FB, VMS) |
| Farr | 21415 12th Ave.<br>214-215 12th Ave. | Occidental Fire<br>Standard Fire | 14-23 (JG, VMS)<br>13-6981 (SLT, JO) |
| Mellett | 215 Beach 142d St | Amer. Bankers<br>Narragansett | 14-142 (MKB, RER)<br>13-5968 (FB, VMS) |
| Washington | 21620 Rockaway Point | Amer. Bankers<br>Narragansett | 14-208 (MKB, VVP)<br>13-5968 (FB, VMS) |
| Leiner | 237 Beach 118th St | Everest Nsl<br>Hartford Ins. | 13-5975 (DLI, RLM)<br>N/A |
| Ramey | 24 Michigan St | Wright<br>Fireman's Fund | N/A<br>13-5978 (JFB, WDW) |
| Stapleton | 251 W. Fulton St | Narragansett<br>Wright | 13-5968 (FB, VMS)<br>N/A |
| Arnella | 2525 Cedar St | Auto Ins. of Hartford<br>Travelers | 14-110 (JS, AKT)<br>N/A |
| Ferner | 2653 Hewlett Lane | Allstate<br>Standard Fire | 13-6767 (JFB, AKT)<br>13-6904 (LDW,AKT) |
| Mingino | 310 Beach 142 St | Farmington Cas.<br>Standard Fire | 13-5923 (ADS, AKT)<br>13-7024 (RRM, RER) |
| Szajt | 310 E. Shore Dr. | Narragansett<br>Allstate | 13-5968 (FB, VMS)<br>13-6737 (LDW,AKT) |
| Fields | 333 Beach 40th St | Stillwater<br>Wright | 13-6994 (ILG, RLM)<br>N/A |

| | | | |
|---|---|---|---|
| Memi | 335 Beach 145th St | Nationwide Mut. Fire<br>Nationwide Prop & Cas. | 13-6001(ADS, ARL)<br>13-6009 (CBA, JMA) |
| Curtis | 336 Beach 148th St | Allstate<br>Occidental | 13-6712 (BMC, VVP)<br>13-6008 (PKC, RML) |
| McKinney | 36 Janet Lane | Allstate<br>Narragansett | 13-6702 (SLT, VVP)<br>13-5968 (FB, VMS) |
| Febrizio | 365 W. Pine | Wright<br>Stillwater | N/A<br>13-6999 (LDW,AKT) |
| Hamlet | 378 West Pine | Great Lakes Reins.<br>Wright | 13-5941 (SJF, GRB)<br>N/A |
| Murphy | 413 Beach 134th St | FEMA<br>Narragansett | 13-6606 (SLT, LB)<br>13-5968 (FB, VMS) |
| 420 Tenants | 420 Shore Rd | Standard Fire<br>CHUBB | 13-5909 (JFB, GRB)<br>14-10 (JS, WDW) |
| Grzegorski | 426 Beach 138th St | Narragansett<br>Standard Fire | 13-5968 (FB, VMS)<br>13-6984(RRM,MDG) |
| McDonnell | 440 Beach 134th St | American Security<br>First Liberty | 14-133 (ARR, RLM)<br>13-6792 (ARR, RER) |
| Rudden | 454 Beach 124th St | Standard Fire<br>Universal No. Am | 13-6897 (JFB, ARL)<br>13-7209 (ERK, VVP) |
| Lindon | 457 Beach 124th St | Liberty Mut. Fire<br>Liberty Mut. Fire | 13-7312 (FB, RML)<br>13-6873 (NGG, JMA) |
| Mastey | 457 Beach 145th St | Narragansett<br>Standard Fire | 13-5968 (FB, VMS)<br>13-7010 (RRM, CLP) |
| LaConti | 463 E. Penn St. | Narragansett<br>Wright | 13-5968 (FB, VMS)<br>N/A |
| King | 487A Seabreeze Walk | Standard Fire<br>Farmington Cas. | 13-6951 (SLT, RER)<br>13-5923 (ADS, AKT) |
| Corbett | 51 Waterford Rd | Liberty Mut. Fire<br>American Security | 13-6022 (JFB, WDW)<br>14-124 (SJF, GRB) |

| | | | |
|---|---|---|---|
| Rayner | 52 California St | Narragansett | 13-5968 (FB, VMS) |
| | | Hartford of Midwest | 14-173 (SJF, WDW) |
| Schlossberg | 522 East Fulton St | Nationwide Mut. Fire | 13-6001 (ADS, ARL) |
| | | Nationwide Mut. Fire | 13-7281 (JS, WDW) |
| Velez | 53 Howard Ave. | Narragansett | 13-5968 (FB, VMS) |
| | | Wright | N/A |
| Whelan | 541 Beach 129th St | Naragansett | 13-5968 (FB, VMS) |
| | | Standard Fire | 13-6973 (JG, MDG) |
| Courtney | 547 Beach 127th St | Standard Fire | 13-6959 (DLI, RLM) |
| | | Universal No. Ame | 13-7209 (ERK, VVP) |
| Jackson | 551 So Ocean Ave. | Narragansett | 13-5968 (FB, VMS) |
| | | American Security | 14-121 (JS, AKT) |
| Mason | 561 Beach 67th St | Allstate | 13-7013 (PKC,MDG) |
| | | American Security | 13-6884 (ERK,MDG) |
| | | Fed. Emerg. Mgmt. | 14-30 (KAM, SMG) |
| Fraser | 561 W. Bay Drive | Narragansett | 13-5968 (FB, VMS) |
| | | FEMA | 13-6580 (JFB, GRB) |
| Wheellock | 569 West Park Ave. | Merrimack Mut. | 13-5981 (JFB, ARL) |
| | | Fidelity | 13-7004 (ADS, ARL) |
| Demic | 60 Ocean Ave. | Allstate | 13-6663 (NG, JO) |
| | | Liberty Mut. | 13-6873 (NGG, JMA) |
| Peterson | 618 Beach 66th St | Nationwide | 13-6009 (CBA, JMA) |
| | | Underwriters at Lloyds | 13-7306 (MKB,MDG) |
| Wolken | 68 W. 18th Rd | Safeco Ins. | 13-5967 (DLI, VMS) |
| | | Metro. Prop. & Cas. | 13-6273 (LDW,AKT) |
| Kyne | 683 Highland Pl. | Narragansett | 13-5968 (FB, VMS) |
| | | American Bankers | 13-6291 (JG, JMA) |
| 7001 E.71st LLP | 7001E.71 St | Continental Cas. | 13-638 (RJD, SMG) |
| | | Chubb | 13-2898(MKB,MDG) |
| | | State court Kings Cty | 506259/2013 |

| | | | |
|---|---|---|---|
| Mussman | 77 Oregon St | Narragansett | 13-5968 (FB, VMS) |
| | | Standard Fire | 13-6911 (ADS, GRB) |
| Quinn | 8 Hastings Rd | Wright | N/A |
| | | Charter Oak Fire | 13-6013 (JFB, ARL) |
| Dolan | 804 Bayside | Safeco | 13-5967 (DLI, VMS) |
| | | Standard Fire | 13-6974 (NG, JO) |
| Salle | 81 Buffalo Ave. | Allstate | 13-6020 (SJF, GRB) |
| | | Allstate | 13-6016 (ADS, GRB) |
| Brenner | 849 Ocean Front | Hartford Ins. Midwest | 14-126 (JS, ARL) |
| | | Hartford Ins. Midwest | 13-5924 (JS, WDW) |
| McKnight | 85 Ohio Ave. | Narragansett | 13-5968 (FB, VMS) |
| | | Wright | N/A |
| Hernandez | 85 Pearsall St | Fidelity & Deposit | 13-6906 (NGG, VVP) |
| | | FEMA | 13-6599 (ARR, RER) |
| Hommel | 905 West Park Ave. | Narragansett | 13-5968 (FB, VMS) |
| | | Wright | N/A |
| Badamo | 910 Lanark Rd | Amer. Security | 13-5964 (DLI, VVP) |
| | | FEMA | 13-6575 (JG, MDG) |
| | | First Liberty | 13-6792 (ARR, RER) |
| Fox | 95 Penna. Ave. | Narragansett | 13-5968 (FB, VMS) |
| | | Standard Fire | 13-6905 (JS, ARL) |
| Campbell | 979 Bayside | Genl Cas.of Wisc. | 13-7263 (NGG, JO) |
| | | FEMA | 14-154 (RJD, CLP) |
| Guttueri | 1212 Cross Bay Blvd. | Liberty Mutual | 13-6818 (KAM, CLP) |
| | | Liberty Mutual Fire | 13-7393 (WKF, JMA) |
| Duggen | 20409 10th Ave | Occidental | 13-6008 (PKC, RML) |
| | | Standard Fire | 13-7022 (FB, CLP) |
| Carey | 130 Beach 128th St. | First Liberty | 13-5946 (NG, MDG) |
| | 133-06 Rockaway Beach Blvd. | Narragansett | 13-5968 (FB, VMS) |
| Nicasio | 109-20 Rockaway Beach Blvd. | Wright | N/A |
| | | Wright | N/A |

**Exhibit C**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE HURRICANE SANDY CASES

                                                          14 MC 41

------------------------------------------------------------X

THIS DOCUMENT APPLIES TO:

------------------------------------------------------------X

NOTICE DESIGNATING CASE TO COURT ANNEXED ARBITRATION

      This case has been designated to participate in the Court Annexed Arbitration Program pursuant to Local Civil Rule 83.7(d) wherein money damages only are being sought.

      After the exchange of the first phase of discovery in Hurricane Sandy cases as mandated by Case Management Order No. 1, an arbitration hearing will be set. The Arbitrator shall be selected from the Court's Panel of Arbitrators. Instructions will be provided when a hearing date has been set. It is not anticipated that matters selected for Arbitration will require discovery directions. If a dispute arises which requires a ruling on a question related to discovery, you must move promptly before the assigned magistrate judge, unless otherwise directed by the Court. Attorneys cannot adjourn or change the arbitration hearing date without approval from the Court.

      <u>Requests to **Adjourn an Arbitration** Hearing</u>: Must be filed as a motion via ECF to the assigned district judge or magistrate judge.

      **Telephone calls to request adjournment of an Arbitration hearing will not be considered.** Counsel and pro se litigants should provide the Court with an email address for notification purposes.

      You may refer to the Local Civil Rules for Arbitration of the U.S. District Court, Eastern District of New York on our web site, www.nyed.uscourts.gov/adr.

Dated:

**Exhibit D**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE HURRICANE SANDY CASES

                                                     14 MC 41

------------------------------------------------------------X

THIS DOCUMENT APPLIES TO:

------------------------------------------------------------X

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned parties:

1.      The parties agree to submit their dispute to mediation in lieu of arbitration.

2.      No party shall be bound by anything said or done during the Mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement.

3.      The Mediator may meet in private conference with less than all of the parties.

4.      Information obtained by the Mediator, either in written or oral form, shall be confidential and shall not be revealed by the Mediator unless and until the party who provided that information agrees to its disclosure.

5.      The Mediator shall not, without the prior written consent of both parties, disclose to the Court any matters which are disclosed to him or her by either of the parties or any matters which otherwise relate to the Mediation.

6.      The mediation process shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications, oral or written, made during the Mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such communications, statements, promises, offers, views and opinions shall not be subject to any discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties.

Provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with this mediation process.

7. The Mediator and his or her agents shall have the same immunity as judges and court employees have under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation.

8. The parties (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to: the Mediation, the subject matter of the Mediation, or any thoughts or impressions which the Mediator may have about the parties in the Mediation, and (ii) shall not subpoena any notes, documents or other material prepared by the Mediator in the course of or in connection with the Mediation, and (iii) shall not offer into evidence any statements, views or opinions of the Mediator.

9. The Mediator's services have been made available to the parties through the dispute resolution procedures sponsored by the Court. In accordance with those procedures, the Mediator represents that he has taken the oath prescribed by 28 U.S.C. 453.

10. Any party to this Stipulation is required to attend at least one session and as many sessions thereafter as may be helpful in resolving this dispute.

11. An individual with final authority to settle the matter and to bind the party shall attend the Mediation on behalf of each party.

Dated: _____

_____
Plaintiff

_____
Defendant

_____
Attorneys for Plaintiff

_____
Attorneys for Defendant

Consented to: _____
Mediator

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

IN RE:

   HURRICANE SANDY CASES        STANDING ORDER NO. 14-2

     There are presently pending in the District of New Jersey more than 600 civil cases arising out of Hurricane Sandy,[1] and concerning standard flood insurance policies issued pursuant to the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001-4084.  The Court conducted a Public Hearing on March 6, 2014 and reviewed the submissions by a number of counsel concerning the case management of these actions.  The Court hereby adopts a Hurricane Sandy Case Management Order ("HSCMO") to govern all Hurricane Sandy cases involving standard flood insurance policies sold and administered by participating Write Your Own ("WYO") Program insurance companies in accordance with the National Flood Insurance Program ("NFIP"), a Federal insurance program administered by the Federal Management Agency ("FEMA") pursuant to the NFIA ("WYO actions"), in addition to direct claims against the Federal Emergency Management Agency ("FEMA") under the NFIA ("direct suit").

---

[1] The Court utilizes the term "Hurricane Sandy" for the October 2012 storm; however, the Court makes no finding with respect to the precise meteorological categorization of the storm.

The HSCMO reflects the Court's commitment to resolving these cases promptly, fairly, and efficiently, with a median time from filing to disposition of six (6) months, which coincides with the District of New Jersey's overall pace for all civil cases on its docket. All counsel and parties shall cooperate with one another and with the Court to achieve this objective.

The HSCMO shall be entered in each NFIP and direct suit action upon the filing of an answer, and shall supersede all prior scheduling orders in the NFIP and/or direct suit cases. Parties may seek an exemption from the application of the HSCMO by way of informal letter application to the Magistrate Judge, setting forth, with specificity, good cause to warrant the requested exemption, and stating whether the adversary consents to the requested exemption. In the event an individual action sets forth claims for damages caused by sources other than flooding (to include, without limitation, wind, fire, or any combination thereof), but pertaining to the same property, the cases shall be reassigned to the same District Judge and Magistrate Judge and consolidated for discovery purposes, as set forth in the HSCMO.

Consequently, upon the Court's own motion and with approval of the Board of Judges of the United States District Court for the District of New Jersey,

IT IS ON THIS *24th* DAY OF MARCH 2014 HEREBY:

**ORDERED** that the Hurricane Sandy Case Management Order No. 1 appended hereto as Exhibit A shall govern National Flood Insurance Program litigation, in addition to direct claims against FEMA pursuant to the National Flood Insurance Act, arising out of Hurricane Sandy.

FOR THE COURT:

*Jerome B. Simandle*

JEROME B. SIMANDLE
CHIEF UNITED STATES DISTRICT JUDGE

3

**Exhibit A**

HURRICANE SANDY CASE MANAGEMENT ORDER NO. 1

**TABLE OF CONTENTS**

1.      Applicability of the HSCMO
2.      Federal Rule of Civil Procedure 16
3.      Automatic Dismissals of Certain Claims
4.      Automatic Discovery Procedure
5.      Statements of Contentions
6.      Additional Written Discovery
7.      Depositions of Fact Witnesses
8.      Motions to Amend
9.      Expert Witnesses
10.     Discovery Motions
11.     Extensions of Time
12.     Initial Case Management Conference
13.     Dispositive Motions
14.     Alternative Dispute Resolution
15.     Joint Final Pretrial Orders
16.     Notice and Opportunity to Inspect
17.     Discovery Confidentiality Orders
18.     Motions to Appear *pro hac vice*
19.     Telephonic Appearances
20.     Liaison Counsel
21.     Consolidation with other Hurricane Sandy cases

## 1.    Applicability of the HSCMO

This Hurricane Sandy Case Management Order No. 1 ("HSCMO") governs all Hurricane Sandy cases involving standard flood insurance policies sold and administered by participating Write Your Own ("WYO") Program insurance companies in accordance with the National Flood Insurance Program ("NFIP"), a Federal insurance program administered by the Federal Management Agency ("FEMA") pursuant to the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001-4084 ("WYO action"), in addition to direct claims against the Federal Emergency Management Agency ("FEMA") pursuant to the NFIA ("direct suit"). The HSCMO shall supersede all prior orders concerning NFIP and/or direct suit actions. If a party requests to be exempted from the application of the HSCMO, the party shall submit an informal letter application to the Magistrate Judge within fourteen (14) days of entry of the

HSCMO, setting forth, with specificity, good cause to warrant the requested exemption, and a statement of whether the adversary consents to the requested exemption.  The HSCMO shall govern the action unless otherwise ordered by the Court.  In the event an individual action sets forth claims for damages caused by sources other than flooding (to include, without limitation, wind, fire, or any combination thereof), but pertaining to the same property, the cases shall be reassigned to the same District Judge and Magistrate Judge and consolidated for discovery purposes, as set forth in the HSCMO.

### 2.   Federal Rule of Civil Procedure 16

The HSCMO constitutes the scheduling order contemplated by Federal Rule of Civil Procedure 16(b), in order to ensure "the just, speedy, and inexpensive" resolution of each NFIP and direct suit action in accordance with Federal Rule of Civil Procedure 1, and in recognition of the Court's commitment to the prompt, fair, and efficient resolution of these actions.

### 3.   Automatic Dismissals of Certain Claims

a.   The following claims are hereby dismissed from any WYO action or direct suit:

  i.   Jury demands, see Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981) (noting that, "[i]t has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government"); Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 165-67 (3d Cir. 1998) (noting that, "only FEMA bears the risk" of standard flood insurance policies issued by WYO companies and that "a lawsuit against a WYO company is [therefore], in reality, a suit against" the federal government because "the United States treasury funds [ultimately] pay off the insureds' claims"); Robinson v. Nationwide Mut. Ins. Co., No. 12-5065, 2013 WL 686352, at *6 (E.D. Pa. Feb. 26, 2013) (finding "no Constitutional right to a jury trial" for plaintiffs' WYO claims);

  ii.   State law claims, see C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co., 386 F.3d 263, 268 (3d Cir. 2004) (noting that "state-law claims are

preempted by the NFIA" whether contractual in nature or "'sounding in tort[,]' but 'intimately related to the disallowance of [an] insurance claim") (citing Van Holt, 163 F.3d 161, 167);

   iii. Punitive damages claims, see Messa v. Omaha Prop. & Cas. Ins. Co., 122 F. Supp. 2d 513, 522-23 (D.N.J. 2000) (dismissing plaintiffs' "extra-contractual" punitive damages claim "because federal law does not provide for" such remedies in NFIP cases); 3608 Sounds Ave. Condo. Ass'n v. S.C. Ins. Co., 58 F. Supp. 2d 499, 503 (D.N.J. 1999) (finding plaintiff's state "common law claims of punitive damages and attorney's fees" not cognizable in suits "brought pursuant to the NFIA"); Dudick v. Nationwide Mut. Fire Ins. Co., No. 06-1768, 2007 WL 984459, at *5 (E.D. Pa. Mar. 27, 2007) (dismissing plaintiff's punitive damage claims because such claims "contravene the National Flood Insurance Program's purpose of reducing fiscal pressure on federal flood relief efforts")

b. The following parties are hereby dismissed from any WYO action:

   i. FEMA; and/or

  ii. Directors and/or officers of FEMA.

c. The following parties are hereby dismissed from any direct suit:

   i. Officers and/or directors of FEMA.

d. Any counsel seeking to reinstate any such dismissed claims must file within thirty (30) days from the entry of the HSCMO a letter request to the Magistrate Judge for reinstatement. Any request to reinstate the dismissed claims shall set forth the specific legal basis for the requested relief (including, without limitation, all jurisdictional issues) with citations to relevant authority. The adversary shall thereafter have seven (7) days to file opposition.

**4.   Automatic Discovery Procedure**[2]

In recognition of the issues generally implicated in NFIP and direct suit actions, the Court shall require the automatic disclosure of certain information in an expedited manner. This requirement is intended to facilitate the necessary evaluation of each action prior to the Court's initial case management conference.   The following discovery protocol shall therefore govern the initial phase of discovery in lieu of the initial disclosures set forth by Federal Rule of Civil Procedure 26(a).

The discovery protocol generally requires that all pretrial discovery be completed within one hundred and twenty (120) days from entry of the HSCMO.   The Hurricane Sandy Case Management Discovery Schedule, available on the Court's website for Hurricane Sandy litigation, generally summarizes the time frames within which the parties shall exchange, produce, and/or conduct necessary discovery.

Nothing in the HSCMO, however, shall be construed to preclude a party from exchanging additional information that a party reasonably considers to be helpful in evaluating the legal and factual contentions at issue in the litigation.

Each party must simultaneously serve Automatic Disclosures as set forth herein within thirty (30) days from entry of the HSCMO.   Counsel should not file these Automatic Disclosures on the CM/ECF system.

a.   Automatic Disclosures by the Plaintiff:

i.   Plaintiff shall provide the following disclosures with respect to each property set forth in the Complaint:

---

[2] The Court notes that the Eastern District of New York entered a Case Management Order concerning certain litigation arising out of Hurricane Sandy.   In re Hurricane Sandy Cases, 14-mc-41, Case Management Order No. 1 (E.D.N.Y. Feb. 21, 2014), *available at* https://www.nyed.uscourts.gov/sites/default/files/general-ordes/14mc41cmo01.pdf.   The Court adopted in part the Eastern District of New York's Case Management Order in the Court's Case Management Order No. 1, particularly with respect to Automatic Disclosures.

1. The current address of each plaintiff property owner;

2. The address of each affected property;

3. The name of each insurer and all policy numbers for each insurance policy held by or potentially benefitting plaintiff and/or the property on the date of the loss, including relevant claim numbers for any claims;

4. A detailed itemized statement of claimed damages, including content claims if in dispute;

5. A statement of any amounts paid or offered to be paid under the policy and a detailed itemization of those items for which plaintiff claims underpayment with citation to the supporting documentation;

6. In the event of nonpayment, the basis upon which defendant denied coverage;

7. A statement setting forth prior attempts at arbitration or mediation, if any; and

8. The identification of any other Hurricane Sandy related lawsuits filed or contemplated for that particular property or plaintiff.

ii. Plaintiff shall provide the following documents with respect to each property set forth in the Complaint:

1. All documents supporting or evidencing the claimed loss, including, without limitation, loss estimates from other insurers, any adjuster's reports, engineering reports, contractor's reports or estimates; photographs, claim log notes, and any other

documents relating to repair work performed as a result of Hurricane Sandy, including contracts, bids, estimates, invoices or work tickets for completed work repair documentation at issue;

2.  All documents reflecting any payments received to date from any insurer, FEMA, or from any other federal, state, or local governmental program including, without limitation, the United States Small Business Association;

3.  All documents relied upon by plaintiff in accordance with the applicable proof of loss requirements and documents required by the standard flood insurance policy, including documents relied upon by plaintiff to satisfy the detailed line item documentation requirement of the standard flood insurance policy;

4.  Any written communications exchanged between the insured or insurer concerning the claimed loss; and

5.  To the extent in plaintiff's custody, control, or possession, the entire nonprivileged file of any expert, estimator or contractor hired by the plaintiff or counsel to inspect the property and/or render a report, estimate, or opinion.

b.  <u>Automatic Disclosures by Defendant</u>:

i.  Defendant shall provide the following disclosures with respect to each property set forth in the Complaint:

1.  In the event no payment on the policy has been made and/or offered, an explanation or statement setting forth the grounds for declination of

coverage, including, without limitation:

    a.    Any applicable policy exclusions;

    b.    Whether non-payment of premiums resulted in the denial of coverage;

    c.    Whether the dispute and/or declination concerns the nature of the damage incurred and its coverage under the policy;

    d.    Whether the dispute and/or declination concerns the value of the claimed losses; and

    e.    Whether the dispute and/or declination concerns any other legal basis;

2.    In the event payment on the policy has been made and/or offered, defendant's position concerning the remaining amount of loss disputed; and

3.    A statement setting forth prior attempts at arbitration or mediation, if any.

ii.    Defendant shall provide the following documents with respect to each property set forth in the Complaint:

1.    All non-privileged documents contained in the claims file concerning the policy, including any declination letters and notices of nonpayment of premiums;

2.    Any documentation relating to an assessment of the claimed loss, including all loss reports and damage assessments, adjuster's reports, engineering reports, contractor's reports, photographs taken of the

7

damage or claimed losses, and any other evaluations of the claim;

3. The names and addresses of the adjusters for each claim;

4. All claim log notes;

5. Records of payments made to the insured pursuant to the policy;

6. All expert reports and/or written communications that contain any description or analysis of the scope of loss or any defenses under the policy;

7. All emails contained within the claim file or specific to that claim; and

8. To the extent in defendant's custody, control, or possession, the entire nonprivileged file of any expert, estimator or contractor hired by the defendant or its counsel to inspect the property and/or render a report, estimate, or opinion.

c. <u>Production</u>: The attorneys shall meet and confer by telephone or in person in good faith concerning the method and format of any production, including whether the production shall occur through electronic means within ten (10) days from entry of the HSCMO. All documents produced shall be Bates-stamped.

d. <u>Electronically-stored information ("ESI")</u>: To the extent ESI is implicated in an individual action, the parties shall first meet and confer concerning any ESI issues. Thereafter, any disputes may be presented to the Magistrate Judge by way of informal letter application. Any requests for electronically-stored information shall address, with specificity, whether "the burden or expense of the proposed discovery outweighs its likely benefit," in light "of the issues at stake in the litigation," as set forth

in Federal Rule of Civil Procedure 26(b)(2)(C)(iii).

e.   <u>Failure to Disclose</u>: To the extent any party asserts that the adversary has failed to make appropriate disclosures, the party shall first make a written request setting forth, with specificity, the documentation and/or other information the party believes has not been disclosed. The adversary shall provide a written response within five (5) days from receipt of the initial correspondence. The parties shall then meet and confer, either in person or by telephone. Thereafter, any dispute shall be brought to the Magistrate Judge by way of informal letter application, which shall include counsel's certification that counsel have first met and conferred in person or by telephone concerning the dispute.

f.   <u>Privilege Log</u>: Any documents required to be produced pursuant to the HSCMO, but withheld on the basis of privilege, shall be identified in a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5). When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

**5.   Statements of Contentions**

Within forty-five (45) days from entry of the HSCMO, the parties shall exchange written statements of contentions.

The statements of contentions shall specifically address, without limitation, each party's legal, factual, and/or monetary contentions with respect to the litigation. Counsel should not file these Statements of Contentions on the CM/ECF system.

### 6.   Additional Written Discovery

In addition to the Automatic Disclosures, the parties may conduct the following discovery following submission of the Statement of Contentions. All such additional discovery shall be served no later than sixty (60) days from entry of the HSCMO (fifteen (15) days after submission of the Statement of Contentions).

   a.   <u>Interrogatories</u>: Each party may serve no more than one set of interrogatories limited to ten (10) interrogatories pursuant to Federal Rule of Civil Procedure 33.

   b.   <u>Requests for the Production of Documents</u>: Each party may serve no more than one set of requests for the production of additional documents limited to ten (10) requests pursuant to Federal Rule of Civil Procedure 34.

   c.   <u>Requests for Admissions</u>: Each party may serve no more than twenty (20) requests for admissions pursuant to Federal Rule of Civil Procedure 36.

Any responses, answers, and objections to initial written discovery requests shall be served in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules.

### 7.   Depositions of Fact Witnesses

   a.   Each party may take no more than three (3) depositions pursuant to Federal Rules of Civil Procedure 30 and 31 without leave of Court. Such depositions shall conclude no later than one hundred and twenty (120) days from entry of the HSCMO.

   b.   All depositions are to be conducted in accordance with the provisions of Appendix R to the Local Civil Rules.

    c.   Scheduling of depositions shall be agreed upon by counsel and shall not be set unilaterally.

## 8. Motions to Amend

Any motions to amend the pleadings or to join new parties shall be filed no later than sixty (60) days from entry of the HSCMO.

## 9. Expert Witnesses

    a.   All expert reports and expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) on behalf of plaintiff shall be served upon counsel for defendant not later than one hundred and fifty (150) days from entry of the HSCMO, and shall be accompanied by the *curriculum vitae* of any proposed expert witnesses.

    b.   All expert reports and expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) on behalf of defendant shall be served upon counsel for plaintiff no later than one hundred and eighty (180) days from entry of the HSCMO, and shall be accompanied by the *curriculum vitae* of the proposed expert witness.

    c.   Depositions of proposed expert witnesses pursuant to Federal Rule of Civil Procedure 26(b)(4)(A) shall be concluded no later than two hundred and ten (210) days from entry of the HSCMO.

    d.   The parties shall also exchange, in accordance with the HSCMO, written statements identifying all opinion testimony counsel that the parties anticipate will be presented at trial pursuant to Federal Rule of Evidence 701 and <u>Teen-Ed v. Kimball International, Inc.</u>, 620 F.2d 399 (3d Cir. 1980).

## 10. Discovery Applications and Motions

In light of the Court's requirement that the parties meet and confer prior to filing an informal discovery application or motion, the Court does not anticipate significant discovery motion practice.

To the extent necessary, any modifications to the schedule and/or scope of the discovery shall be directed to the Magistrate Judge, and shall be filed in accordance with Local Civil Rule 37.1.  Counsel shall first meet and confer in good faith by telephone or in person concerning any need to modify the schedule and/or scope of the discovery.  This meet and confer shall proceed any informal application or motion, and all informal applications and motions shall contain a statement certifying counsels' compliance with the meet and confer obligations set forth herein and in Local Civil Rule 37.1.

All factual discovery motions and applications shall be made returnable prior to the expiration of the one hundred and twenty (120) day pretrial discovery period.

## 11.  Extensions of Time

Any enlargement of the deadlines set forth herein shall be directed to the Magistrate Judge, and shall be granted only upon a showing of good cause.  Counsel shall confer telephonically prior to applying to the Magistrate Judge to extend a deadline, and any application shall state whether the adversary consents or opposes the requested extension.  However, applications that state that counsel have either too many cases, or are otherwise too busy to meet the deadlines prescribed herein, will fail to establish the requisite good cause.  In the event counsel of record claims to be too pressed with other cases, the Court may require substitution of new counsel.

## 12.  Initial Case Management Conference

Within one hundred and twenty (120) days from entry of the HSCMO (at which time the parties shall have substantially, if not entirely, completed the pretrial discovery process), the parties shall appear telephonically for an initial case management conference before the Magistrate Judge on a date to be set by the Court.  In the event the parties have not received a case management conference date upon expiration of the one hundred and twenty (120) day period, the parties shall submit a letter request to the Magistrate Judge, setting forth joint proposed dates.

In anticipation of the initial case management conference, the parties shall meet and confer by telephone or in person, and shall submit a joint status report to the Court five (5) days prior to the scheduled conference.  The joint status report shall be submitted to the Magistrate Judge and shall not

be electronically filed on the CM/ECF system.  The joint status report shall address, without limitation: (1) the discovery completed to date; (2) any additional and/or outstanding discovery; (3) the timeline for the completion of any additional and/or contemplated discovery; (4) an explanation as to why the discovery has not been completed; (5) a statement of the disputed factual and/or legal contentions, and the remaining amount in controversy; (6) any other Hurricane Sandy related lawsuits filed or contemplated for that particular property or plaintiff (including, without limitation, claims related to wind damage, flood damage, fire damage, or any combination thereof); and (7) a statement setting forth the status of settlement discussions (including the propriety of mediation, arbitration, and/or a settlement conference).

At the conference with the Court, all parties who are not appearing *pro se* shall be represented by counsel who are familiar with the file and have full authority to bind their clients in all pre-trial matters.  Counsel shall also be prepared to discuss settlement.

The Court shall issue in each case a scheduling order after the initial case management conference, which shall address, without limitation, time periods within which to complete any remaining discovery, a referral to arbitration and/or mediation, if appropriate, a date for the final pretrial conference, and/or a time period within which to submit dispositive motions (except with respect to motions contemplated pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(2)).

## 13.  Dispositive Motions

To the extent contemplated by the Court's scheduling order issued after the initial case management conference, any dispositive motions shall be filed, served, and responded to in accordance with Local Civil Rules 7.1, 7.2, 56.1 and 78.1.  No dispositive motions, except motions pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(2), shall be filed prior to the initial case management conference.

## 14.  Alternative Dispute Resolution

Arbitration pursuant to Local Civil Rule 201.1 remains a preferred option for NFIP and direct suit cases.  The parties may stipulate to the referral of an action to arbitration, or

the Court may order arbitration if the contested issues appear arbitrable.

If the dollar value of loss constitutes the primary issue after the parties exchange their Statements of Contentions, the parties shall proceed to loss appraisal in accordance with the applicable standard flood insurance policy, or the Court shall refer the action to compulsory arbitration pursuant to Local Civil Rule 201.1. Any disputes concerning the scope, effect, and/or interpretation of the standard flood insurance policy with respect to the loss appraisal process shall be submitted to the Magistrate Judge by way of informal letter application.

## 15. Joint Final Pretrial Orders

In the event the Court sets a date for a final pretrial conference in a scheduling order after the initial case management conference, the proposed final pretrial order will be submitted in the standard form to be provided by the Court. In accordance with Federal Rule of Civil Procedure 16(d), trial counsel shall appear at the final pretrial conference unless expressly excused by the Court.

## 16. Notice and Opportunity to Inspect

Prior to the demolition of any existing real property during the course of the litigation, plaintiff shall provide to defendant sufficient written notice of plaintiff's intent to destruct, remediate, and/or demolish any relevant evidence. Defendant shall thereafter be afforded a full and fair opportunity to inspect the relevant evidence for a period not to exceed sixty (60) days.

## 17. Discovery Confidentiality Orders

Upon submission of a certification in accordance with Local Civil Rule 5.3(b), the discovery confidentiality order set forth in Appendix S to the Local Civil Rules shall be entered. No alternate form of discovery confidentiality order shall be permitted without prior approval from the Court. Any request to modify the discovery confidentiality order set forth in Appendix S shall set forth, with specificity, the grounds for any proposed changes.

18.   **Motions to Appear** *pro hac vice*

Local Civil Rule 101.1 shall continue to govern motions to appear *pro hac vice*. However, in the event an attorney has been admitted *pro hac vice* in one NFIP or direct suit action, any applications to appear *pro hac vice* in subsequent cases may be submitted to the Magistrate Judge by informal letter application setting forth whether the adversary consents, containing a statement certifying that no reportable events in accordance with Local Civil Rule 101.1(c) have occurred during the intervening period, appending a copy of the order granting counsel's *pro hac vice* appearance, and a proposed order in accordance with the form available on this Court's website for Hurricane Sandy litigation.

19.   **Telephonic Appearances**

Counsel shall be permitted to appear telephonically at all conferences, unless the Court expressly orders an in-person appearance.

20.   **Liaison Counsel**

The Court finds no cause to necessitate the appointment of liaison counsel at this time.

21.   **Consolidation with other Hurricane Sandy cases**

All claims pertaining to the same property or plaintiff (including, without limitation, wind, flood, fire, or any combination thereof) will be consolidated **for discovery purposes only** and assigned to the same District Judge and Magistrate Judge. In actions in which Plaintiff did not file all claims pertaining to the same property or plaintiff (including, without limitation, wind, flood, fire, or any combination thereof) in the same suit, the plaintiff shall advise the Magistrate Judge of all such cases as soon as practicable, but no more than thirty (30) days after entry of the HSCMO. Thereafter, any Judicial Officer may sign an order reassigning the related cases in accordance with Local Civil Rule 40.1(c) to the District Judge and Magistrate Judge assigned to the first pending action, in addition to an order consolidating the actions for discovery purposes only in accordance with Local Civil Rule 42.1.

IT IS on this 24th day of March 2014,

**SO ORDERED**.

JEROME B. SIMANDLE
CHIEF UNITED STATES DISTRICT JUDGE

16