# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 17-1189L, 17-1191L, 17-1194L, 17-1195L, 17-1206L, 17-1215L, 17-1216L, 17-1232L, 17-1235L, 17-1277L, 17-1303L, 17-1300L, 17-1332L, 17-1390L

Filed: October 2, 2017

Y AND J PROPERTIES, LTD., *individually and on behalf of all other persons similarly situated*,
    Plaintiffs,

BRYANT BANES, NEVA BANES, CARLTON JONES, AND NB RESEARCH, INC., *on behalf of themselves and others similarly situated*,
    Plaintiffs,

MATTHEW SALO AND GABRIELA SALO, *on behalf of themselves and other similarly situated persons and entities*,
    Plaintiffs,

ANGELA BOUZERAND, WAYNE PESEK, AMY PESEK, and FRED PAUL FRENGER, *individually and on behalf of all others similarly situated*,
    Plaintiffs,

VAL ANTHONY ALDRED, HAGAN HAMILTON HEILIGBRODT, WILLIAM LANGE KRELL, JR., BEVERLY FFECEL KRELL, AND SHAWN S. WELLING, *appearing individually and on behalf of all persons similarly situated*,
    Plaintiffs,

KENNETH LEE SMITH AND CONTANCE SMITH,
    Plaintiffs,

GARNER TIP STRICKLAND, IV AND MEGAN K. STRICKLAND,
    Plaintiffs,

BONNIE CLARK GOMEZ AND JORGE L. GOMEZ,
    Plaintiffs,

VIRGINIA MILTON AND ARNOLD MILTON, *on behalf of themselves and all other similarly situated persons*,
    Plaintiffs,

CHRISTINA MICU, *and all others similarly situated*,
    Plaintiffs,

ANTHONY ARRIAGA, *et al.*,
    Plaintiffs,

WAYNE HOLLIS, JR. and PEGGY HOLLIS, *individually and on behalf of all other similarly situated*,
    Plaintiffs,

BASIM MOUSILLI,
    Plaintiff,

HENRY DE LA GARZA AND RANDY DE LA GARZA,
    Plaintiffs,

v.

THE UNITED STATES OF AMERICA,
    Defendant.

## PLAINTIFFS' POSITION STATEMENT

Plaintiffs in the above-captioned cases hereby submit this Position Statement in response to the Court's September 15, 2017 Order Scheduling Status Conference ("the Order") and in advance of the upcoming Status Conference on October 6, 2017.

In the Order, the Court identified seven separate topics on which it would seek the Parties' respective views at the upcoming Status Conference:

    (i)    whether some or all of the above-captioned cases should be consolidated;

(ii) whether some or all of the class actions and individual claims should be consolidated, separately;

(iii) whether one of the proposed class actions should be designated as a lead case, and the other cases stayed;

(iv) whether one of the individual cases should be designated as a lead case, and the other cases stayed;

(v) an estimate of the time necessary for discovery, for purposes of determining the possibility of resolving these cases on summary judgment;

(vi) whether the parties anticipate the need to certify questions of liability for interlocutory appeal; and

(vii) any other proposals that may expedite the court's adjudication of liability.

In addition, on September 22, 2017, the Court entered a separate Order suggesting that counsel for the Parties review two orders issued by the United States District Court for the Eastern District of New York and the United States District Court for the District of New Jersey in cases related to Hurricane Sandy. Those orders also speak to several of the issues previously identified by the Court and outlined above, along with several others related to the coordination, scheduling, and efficient litigation of these matters.

To facilitate the discussion at the October 6th Status Conference and to apprise the Court of the Plaintiffs' views on these and other issues related to the efficient litigation of these matters, Counsel in the vast majority of the filed cases have conferred and now jointly submit this Position Statement.

**I.      A BRIEF FACTUAL BACKGROUND OF THE CASES NOW BEFORE THE COURT**

On August 25, 2017, Hurricane Harvey, one of the strongest and most damaging hurricanes in the history of Texas, made landfall in the southeast portion of the State. As Harvey traveled through the State, it brought severe winds and extremely heavy rainfall. In response to quickly rising waters in two reservoirs serving as part of the local flood control system on the west side of

Houston — the Addicks and Barker reservoirs — on August 28, 2017, the U.S. Army Corps of Engineers began significantly expanding the release of water from the reservoirs.

As gates at both reservoirs opened and released waters into the nearby Buffalo Bayou, adjacent neighborhoods and roadways that were not otherwise flooded (or were subject to significantly less flooding than other affected areas) became inundated with water. As a result, thousands of homes, businesses and other properties — including those of Plaintiffs and the proposed Classes — were flooded, significantly damaged, and in many instances, rendered uninhabitable. When the Army Corps of Engineers announced the decision to release water from the dams, many residents of these affected neighborhoods were without power. Consequently, those residents were caught off guard by the release of the water and were mostly unable to mitigate the damage to their homes, businesses, personal belongings, and other property.

In the following weeks, Plaintiffs, individually and (in many cases) on behalf of all similarly situated persons, filed lawsuits against the United States in the Court of Federal Claims alleging that the decision to release waters from the Addicks and Barker reservoirs and the resultant flooding to surrounding neighborhoods acted as an unconstitutional taking of their property under the Fifth Amendment to the United States Constitution. In each lawsuit, the Plaintiffs seek just compensation for the alleged unconstitutional takings of their property. To date, at least 13 cases have been filed in the Court of Federal Claims.

## II. THE PLAINTIFFS' VIEWS ON THE ISSUES IDENTIFIED BY THE COURT

Beginning before this Court issued the Order, and continuing since, counsel for Plaintiffs in each of the filed cases have diligently and repeatedly conferred regarding the litigation, both during in-person meetings in Houston, Texas, over the phone, and through various correspondence. These conversations took place with the intention of introducing any unknown

4

attorneys to each other, establishing lines of communication, and managing the numerous, overlapping claims of Plaintiffs and the putative classes against the United States.

  **A.** <u>**Issues I – IV**</u>**: Consolidation of Individual and Class Claims.**

Plaintiffs agree that to ensure the efficient and expeditious progression of this litigation (and any other cases that are later filed, as is likely) that both class action cases and individual plaintiff cases should be transferred to and consolidated before a single Court of Federal Claims judge. Specifically, and as described further in Section II.B below, Plaintiffs believe that the cases should be consolidated for purposes of all proceedings related to class certification and a liability determination. Thereafter, any disputes regarding the amount of damages to be awarded to any particular plaintiff would be determined on an individual basis through a process proposed by the Parties and approved by the Court.

RCFC 42(a) provides that the Court may consolidate multiple actions where they "involve a common question of law or fact."  Once that determination is made, a request to consolidate actions requires determining whether "'the interest of judicial economy' outweigh[s] 'the potential for delay, confusion and prejudice that may result from consolidation.'" *Lucent Techs. Inc. v. United States*, 69 Fed. Cl. 512, 513 (2006) (quoting *Cienega Gardens v. United States*, 62 Fed. Cl. 28, 32 (2004)). The factors to consider in this respect include "'the risk of inconsistent adjudication of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.'" *Cienega Gardens*, 62 Fed. Cl. at 31 (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990)).

The cases in question here readily satisfy the requirements of RCFC 42(a). Each case involves common questions of law and fact. For example, in each case, determinations will be required as to (i) whether release of waters from the reservoirs and the resulting flooding constitutes a taking of private property for public use under the Fifth Amendment to the U.S. Constitution; (ii) whether Plaintiffs and the class members are entitled to just compensation as a result; and (iii) any common defenses that the United States might ultimately raise. Those determinations will also be made in the context of a common set of underlying facts — i.e., the United States' decision to release waters from the Addicks and Barker reservoirs, the circumstances surrounding that decision, and the resultant flooding to surrounding properties. Whether those decisions and the resultant flooding constitute an unconstitutional taking will be answered in the same way for each and every Plaintiff, class member, and case.[1]

Once consolidation occurs, Plaintiffs request that they be allowed to file a consolidated class action complaint and that all other class actions be stayed pending resolution of class certification and/or resolution of any dispositive motions as to liability. Plaintiffs believe they would be able to file such a consolidated complaint no more than 30 days following receipt of the Court's permission to do so. With respect to individual plaintiff cases, Plaintiffs suggest that, following consolidation of all cases before a single Court, each individual Plaintiff's case should be stayed pending resolution of any dispositive motions as to liability. Plaintiffs believe that

---

[1] Although the class definitions in each pending complaint are slightly different, they generally include all property affected by the discharge of waters from the Addicks and Barker reservoirs. Allowing multiple class actions with such overlapping classes to proceed separately would, among other things, run the very real risk of conflicting results for the classes, as well as potentially imposing conflicting obligations upon the United States. In any event and as described in Section II.B, Plaintiffs propose the filing of one Consolidated Class Action Complaint that will outline one operative class definition to govern this litigation.

staying individual plaintiff cases will conserve the Parties' and Court's resources, and encourage the efficient administration of justice.

Given the substantial overlap between the factual and legal issues present in these cases — as well as the clear benefits to judicial economy, uniformity, docket management, streamlining of discovery (as discussed below), and the efficient administration of justice — Plaintiffs respectfully propose that the Court consolidate the above-captioned cases before a single Court.

   B.     **Issue V: Time Necessary to Proceed through Summary Judgment, Related Discovery and a Proposed Schedule.**

Drawing from the Court's recent Orders and those in the Hurricane Sandy litigation, Plaintiffs believe that a six (6) month schedule to complete discovery, class certification (regarding liability issues) and briefing on summary judgment as to liability would be appropriate. To that end, Plaintiffs propose meeting and conferring with defense counsel to suggest a proposed Scheduling Order to be presented to the Court within 30 days of the October 6 status conference either as an Agreed Order or for respective proposed Orders from each side, if no agreement can be reached. Such an order would include deadlines for the following:

- **Plaintiffs' Counsel Move for Appointment of Lead Counsel, Class Counsel, Liaison Counsel and Plaintiffs' Steering Committee:** Plaintiffs suggest that this leadership structure is justified and needed for a variety of reasons, including the facts that this consolidation consists of class and individual claims and that the prospect of Related Litigation in other federal courts related to the Hurricane Harvey requiring coordination is highly likely in the future. *See Manual for Complex Litigation* (Fourth) §§ 10.221, 10.224, 10.225 (2004).

- **File Consolidated Class Action Complaint**:  As discussed in Section II.A., Plaintiffs believe that a Consolidated Class Action Complaint could be filed within 30 days of receipt of the Court's permission to do so.

- **United States to Disclose List of Defenses, Issues & Authorities:** The United States shall serve upon Plaintiffs' Lead Counsel a list of legal issues and defenses that the United States reasonably anticipates raising with respect to a liability determination in this litigation, along with a brief description of such issues, and citations to relevant case law and any other authorities supporting the same.

7

- **Plaintiffs to Respond to United States' Defenses, Issues & Authorities:** Plaintiffs' Lead Counsel shall serve upon counsel for the United States any contrary authorities addressing the issues and defenses previously disclosed, and further identify any other issues that Plaintiffs anticipate may arise in these cases with respect to liability.

- **Move for Class Certification:** Plaintiffs anticipate moving for certification of the proposed class — as outlined in the Consolidated Class Action Complaint — under RCFC 23(c)(4) and with respect to the issue of liability only.

- **Automatic Discovery Disclosures:** The Parties shall meet and confer to determine appropriate information that will be disclosed by each party.

- **Complete Any Additional Discovery on Liability Discovery Issues:** This shall include any depositions and additional written discovery the Parties intend to take regarding liability issues. Each side shall be permitted to depose any expert witnesses disclosed by an opposing party.

- **Move for Summary Judgment on Liability.**

- **Scheduling Conference Regarding Damages Procedures:** The Parties shall make a joint submission regarding their respective (or agreed) views regarding an appropriate procedure for litigation or otherwise reaching disposition on class members' individual damages amounts.

C.   <u>Issue VI</u>: Anticipated Need for Interlocutory Review.

Plaintiffs believe that it is premature to state a position as to whether the issue of liability should or should not be certified for an interlocutory appeal. The Parties will be in a better position to make that determination once final pleadings are served, defenses are identified, and initial discovery is completed. Plaintiffs believe that the parties should be able to make an informed decision (and, in the Government's case, to secure the authorization of the Solicitor General) as to the appropriateness of an interlocutory appeal no later than sixty (60) days following entry of an order resolving potentially dispositive motions.

D.   <u>Issue VII</u>:  Other Proposals to Expedite Adjudication of Liability.

In addition to the schedule and procedures outlined in Section II.B above, Plaintiffs believe that — in the near term — it may be helpful for the Court to appoint an interim coordinating

counsel (until such time as more formal appointment could be made). An interim coordinating counsel would likely prove beneficial in ensuring efficient interaction between Plaintiffs and defense counsel in the early stages of the case. Plaintiffs further believe it would be beneficial to the Parties and the efficient progression of the cases if the Court held regular status conferences during which the Parties would report on the progress of their litigation activities. Plaintiffs propose that such conferences — whether in-person or telephonic — take place approximately every thirty (30) days.

        Respectfully submitted,

        /s/ David C. Frederick
        David C. Frederick
        Counsel for Y and J Properties, Ltd.
        Counsel for Wayne Hollis, et al.
        Counsel for Henry de la Garza, et al.

        /s/ Richard N. Laminack
        Richard N.  Laminack
        Counsel for Y and J. Properties, Ltd.

        /s/ Bryant S. Banes
        Bryant S. Banes
        Counsel for Bryant Banes, et al.

        /s/ Jeff Raizner
        Jeff Raizner
        Counsel for Angela Bouzerand, et al.

/s/ Derek H. Potts
Derek H. Potts
Counsel for Val Anthony Aldred, et al.

/s/ Rand P. Nolen
Rand P. Nolen
Counsel for Virginia Milton, et al.

/s/ George M. Fleming
George M. Fleming
Counsel for Virginia Milton, et al.

/s/ Clayton A. Clark
Clayton A. Clark
Counsel for Wayne Hollis, et al.

/s/ Rene M. Sigman
Rene M. Sigman
Counsel for Wayne Hollis, et al.

**CERTIFICATE OF SERVICE**

      I, David C. Frederick, an attorney, hereby certify that on October 2, 2017, I caused the foregoing Plaintiffs' Position Statement to be filed and served on all counsel of record in the above-captioned cases via the Court's electronic filing system.

      /s/ David C. Frederick
      David C. Frederick